UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23987-CIV-WILLIAMS/MCALILEY

CASH INVESTMENTS, LLC,

    Plaintiff,

vs.

THE COURT REPORT, LLC and
FERNANDO COLMENARES.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

Plaintiff Cash Investments LLC filed this lawsuit on September 30, 2021, against Defendants The Court Report LLC and its alleged principal, Fernando Colmenares. (ECF No. 1). Plaintiff contends that it has properly served Defendants by substituted service and given Defendants' failure to file any response to the lawsuit, Plaintiff asks this Court to enter a "judicial default" against both Defendants. (ECF No. 18, *Plaintiff's Motion for Judicial Default*).[1]

As an initial matter, it is unclear what Plaintiff means by a "judicial default." Federal Rule of Civil Procedure 55 sets forth a two-step process for a plaintiff to obtain a default judgment. First, the plaintiff must apply to the clerk for entry of default. Fed.R.Civ.P. 55(a). Next, the Rule provides that after receipt of the clerk's entry of default, if the plaintiff's

---

[1] The Honorable Kathleen M. Williams referred the motion to me for a report and recommendation. (ECF No. 19).

claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the plaintiff must apply for the court to enter a default judgment. Fed. R. Civ. P. 55(b)(2). *Murphy v. Stacy*, 809 Fed. App'x 677, 680-81 (11th Cir. 2020) (citing Fed. R. Civ. P. 55(a)).

Plaintiff expressly moved for entry of a Clerk's default (ECF No. 17), which the Clerk rejected. (ECF No. 18). Now, with its latest motion, Plaintiff asks for a "judicial default", without addressing the Clerk's denial of its prior motion, or stating that it seeks a default judgment. What is clear is that on this record Plaintiff is entitled to neither a clerk's default nor a default judgment at this time.

Plaintiff states it effected service of process on Defendants "by serving the Florida Department of State, Division of Corporations, pursuant to Chapter 48.161, 48.171, 48.181 or 48.19, Florida Statutes." (ECF No. 18 at 1). The record does not support this.

Two of those statutes do not apply by their own terms. First, section 48.171, titled "Service on nonresident motor vehicle owners, etc.", applies in civil actions "arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved." Fla. Stat. §48.171. Next, section 48.19, titled "Service on nonresidents operating aircraft or watercraft in the state", applies in civil actions "growing out of any accident or collision in which the nonresident or concealed person may be involved while, either in person or through others, operating, navigating, or maintaining an aircraft or a boat, ship, barge, or other watercraft in the state." Fla. Stat. 48.19. The Complaint does not assert any claims relating to an accident or collision involving Defendants' vehicle, aircraft or watercraft. (ECF No. 1, *generally*). Rather, the Complaint alleges that Defendant

2

Colmenares unlawfully transferred real property owned by Plaintiff to Defendant The Court Report, LLC, which Colmenares owns and controls, and then Defendants sold those properties to third parties. (*Id*. at ¶¶ 9-21).

Turning to section 48.181, "[i]n order to perfect service through the Secretary of State…under section 48.181(1)…*the complaint must allege* that (i) the defendant is concealing his or her whereabouts or (ii) the defendant previously conducted business in Florida, but has now become a nonresident." *Green Emerald Homes LLC v. Green Tree Servicing LLC*, 230 So.3d 607, 608 (Fla. 4th DCA 2017) (emphasis supplied). Here, the Complaint alleges that Defendants are Florida residents, (ECF No. 1 at ¶¶ 6-7), but contains no factual allegations that Defendants are concealing their whereabouts. "[W]hen the complaint is devoid of the jurisdictional allegations required for substituted service, the defendant cannot be properly served under the substituted service statute." *Moss v. Estate of Hudson by and through Hudson*, 252 So.3d 785, 788 (Fla. 5th DCA 2018) (citation omitted); *see also Green Emerald Homes LLC*, 230 So.3d at 608 (reversing denial of motion to quash service and vacating clerk's default because "[plaintiff] failed to allege the requisite jurisdictional grounds for substitute service provided under section 48.1814(1)."). The Florida Fourth District Court of Appeal made this clear more than two decades ago:

> Here, appellee substituted service under section 48.181(1), which provides that Florida's Secretary of State can accept service for any former Florida resident who previously conducted business in Florida but subsequently becomes a nonresident or any Florida resident who conceals his or her whereabouts. Appellee's complaint alleged that [defendant] was a Florida resident and homeowner at the time of the accident. However, the complaint failed to allege, nor was it amended to allege, that [defendant] had become a nonresident

> or was concealing his whereabouts. Because appellee failed to plead the required statutory prerequisites or to allege the ultimate facts that invoke the statute, he could not perfect substituted service on [defendant].

*Alhussain v. Sylvia*, 712 So.2d 806, 807 (Fla. 4th DCA 1998) (citations omitted). Moreover, Plaintiff cannot cure its failure to allege the required jurisdictional facts by later filing an affidavit. *Fameflynet, Inc. v. Oxamedia Corp.*, No. 17-80879-Civ-Marra, 2018 WL 8244525, at *2 (S.D. Fla. May 1, 2018) (citation omitted).

Once a plaintiff properly perfects substituted service, it must satisfy the procedural requirements of section 48.161(1). *Id*. at *2. These requirements are strictly construed. *Id*. They are: "(1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance." *Id*. (citations omitted). Plaintiff states that it sent Defendants a copy of the "Acceptance of Service" by the Florida Secretary of State via certified mail on December 16, 2020, (ECF No. 18 at ¶ 4), but does not explain what that "Acceptance of Service" was comprised of, namely whether it included a copy of the process (i.e., the summonses and Complaint). Moreover, Plaintiff has not filed a return receipt addressed to Colmenares in his individual capacity. (*See* ECF No. 18-2). Nor has Plaintiff's attorney filed an affidavit of compliance with section 48.161(1). This record does not support Plaintiff's reliance upon section 48.161(1).

There is an additional reason why Plaintiff has not justified reliance on substituted service. Substituted service is permissible only if personal service could not be obtained through "reasonable diligence." Fla. Stat. §48.062(3) ("If, after reasonable diligence,

4

service of process cannot be completed under subsection (1) or subsection (2), service of process may be effected by service upon the Secretary of State as agent of the limited liability company as provided for in s. 48.181."); *Coastal Capital Venture, LLC v. Integrity Staffing Solutions, Inc.*, 153 So.3d 283, 285 (Fla. 2d DCA 2014) ("Substitute service is unauthorized if personal service could be obtained through reasonable diligence.") (citation omitted). "The test [for reasonable diligence] is whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable him to effect personal service on the defendant." *Id*. at 285. Plaintiff does not explain what efforts it made, if any, to locate Colmenares after its initial unsuccessful attempt to serve him and The Court Report, LLC. Plaintiff does state that it provided courtesy copies of the Complaint to Colmaneres' attorneys in separate cases pending in Miami-Dade Circuit Court, and that those attorneys refused to accept service on behalf of Colmaneres. (ECF No. 18 at ¶ 5). These facts, however, are insufficient to justify substituted service. *See Moss*, 252 So.2d at 788 (remanding for entry of order quashing substituted service even though defendant aware of case because "[a]ctual knowledge of a suit does not cure insufficient service of process.") (citations omitted).

For the foregoing reasons, I respectfully recommend that the Court **DENY** Plaintiff's Motion for Entry of Judicial Default, (ECF No. 18).

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a

*de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 27th day of April 2021, at Miami, Florida.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of record